Weygandt, C. J.
 

 The Industrial Commission disallowed the plaintiff’s claim for compensation on-two grounds. The first was that the plaintiff did not suffer an injury
 
 in the course of and arising out of his employment.
 

 The plaintiff coaatends that the only prerequisite for
 
 *509
 
 the recovery of compensation is to show that he was in the zone of his employment when the injury was-received. This is not the law in this state. In numerous decisions this court has. pointed out repeatedly that under the constitutional and statutory law of Ohio such compensation cannot be obtained unless there is an injury in the course of and arising out of the employment.
 
 Matczak
 
 v.
 
 Goodyear Tire & Rubber Co.,
 
 139 Ohio St., 181, 38 N. E. (2d), 1021;
 
 Gwaltney, a Minor,
 
 v.
 
 General Motors Corp.,
 
 137 Ohio St., 354, 30 N. E. (2d), 342;
 
 Goodman
 
 v.
 
 Industrial Commission,
 
 135 Ohio St., 81, 19 N. E. (2d), 508;
 
 Industrial Commission
 
 v.
 
 Lambert,
 
 126 Ohio St., 501, 186 N. E., 89;
 
 Highway Oil Co.
 
 v.
 
 State, ex rel. Bricker, Atty. Genl.,
 
 130 Ohio St., 175, 198 N. E., 276;
 
 Industrial Commission
 
 v.
 
 Gintert,
 
 128 Ohio St., 129, 190 N. E., 400, 92 A. L. R., 1032;
 
 Industrial Commission
 
 v.
 
 Bankes,
 
 127 Ohio St., 517, 189 N. E., 437;
 
 Industrial Commission
 
 v.
 
 Lewis,
 
 125 Ohio St., 296, 181 N. E., 136;
 
 Grabler Mfg. Co.
 
 v.
 
 Wrobel,
 
 125 Ohio St., 265, 181 N. E., 97;
 
 Industrial Commission
 
 v.
 
 Weigandt,
 
 102 Ohio St., 1, 130 N. E., 38;
 
 Fassig
 
 v.
 
 State, ex rel. Turner, Atty. Genl.,
 
 95 Ohio St., 232, 116 N. E., 104.
 

 In
 
 McNicol’s Case,
 
 215 Mass., 497, 102 N. E., 697, Ann. Cas. 1916A, 306, appears the following pertinent statement by Chief Justice Rugg:
 

 “ * * # an injury is received ‘in the course of’ the employment when it comes while the workman is doing the duty which he is employed to perform. It ‘arises out of’ the employment, when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of
 
 *510
 
 the exposure occasioned by the nature of the employment, then it arises ‘out of’ the employment. But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workman would have been equally exposed apart from the employment. The causative danger must be peculiar te the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence.”
 

 In the syllabus in the case of
 
 Slanina
 
 v.
 
 Industrial Commission,
 
 117 Ohio St., 329, 158 N. E., 829, this court stated the rule as follows:
 

 “In case an employee, in the discharge of the duties of his employment, is injured as a result of the unexpected violence of the forces of nature, to wit, ‘a destructive tornado,’ where his duties do not expose him to a special or peculiar danger from the elements which caused the injury, greater than other persons in the community, such employee is not entitled to compensation under the Workmen’s Compensation Act.
 
 (Fassig
 
 v.
 
 State, ex rel.,
 
 95 Ohio St., 232,
 
 Industrial Commission
 
 v.
 
 Weigandt,
 
 102 Ohio St., 1, approved and followed.) ”
 

 In the instant case there is nothing to indicate that the hazard of snow and ice on the parking lot was in the slightest degree different from that experienced by the general public throughout the city of Youngstown that morning. Clearly the plaintiff did not suffer an injury in the course of and arising out of his employment.
 

 The foregoing view is dispositive of the case and makes it unnecessary to consider the second ground
 
 *511
 
 upon -which the plaintiff’s claim was disallowed by the Industrial Commission.
 

 The judgment of the Court of Appeals is reversed, and final judgment is rendered for the defendant.
 

 Judgment reversed.
 

 Turner, Matthias, Zimmerman, Bell and Sohngen, JJ., concur.
 

 Hart, J., not participating.