BRENNAN, APPELLEE, *v.* KELLER, ADMR., ET AL., APPELLANTS.

(No. 962—Decided July 15, 1968.)

*Mr. Thomas R. Bopeley*, for appellee.
*Mr. Jack L. Johnson*, for appellant Continental Can Company.
*Mr. Jerold Goldberg*, for appellant Elmer A. Keller, Administrator, Bureau of Workmen's Compensation.

*Per Curiam.* On January 9, 1964, the plaintiff, Dorothy Brennan, was an employee of the defendant Continental Can Company, in Zanesville. She was working as a selector and packer, on the midnight to morning (12 to 8) shift. That evening she drove to work, parked her car in the company lot and, while walking on a sidewalk on company property from there to the plant, fell and was injured. There was snow and slush on the sidewalk, which caused her fall, a condition claimed to be common to the general public in the community, in that, it had been snowing and raining intermittently during the preceding day and night.

Her claim for benefits under the Ohio workmen's compensation law was denied by the administrator, Regional Board of Review, and the Industrial Commission. On appeal, perfected by her, to the Common Pleas Court, judgment, based upon a directed jury verdict, was awarded to her. Her employer appeals on questions of law. All four assignments of error are based upon one issue.

The sole issue is whether the injury admittedly received as a result of an admitted fall on the employer's premises, admittedly in the zone of employment at the particular time and place, is covered by the workmen's compensation law.

The employer "bases its appeal and position" on the case of *Walborn* v. *General Fireproofing Co.* (1947), 147 Ohio St. 507 (coverage denied employee who slipped and fell on employer's parking lot blanketed by heavy snowfall).

The claimant takes the position that the case of *Marlow* v. *Goodyear Tire & Rubber Co.* (1967), 10 Ohio St. 2d 18 (coverage allowed employee injured in an automobile accident involving his car and that of a fellow employee, on employer's parking lot maintained for the exclusive use of its employees), opinion by Schneider, J., is dispositive of the instant appeal.

We distinguish *Walborn* on the facts. The second and third paragraphs of the syllabus of that case read:

"2. The hazard must be peculiar to the work and not common to the general public in the community.

"3. A workman is not entitled to obtain compensation for a disability resulting from a fall on ice and snow on a parking lot provided by his employer when the condition there is the same as prevails generally throughout the community and has been caused by a *storm* during the preceding day and night." (Emphasis ours.)

The fact pattern sets out that "the plaintiff slipped and fell on the ice and snow covering the parking lot and the entire city of Youngstown as a result of a *general storm* during the preceding day and night." (Emphasis added.)

There is not one word about a storm or a general storm in the record of the instant case. The claimant testified thus:

"Q. Can you tell us what kind of day January 9th, 1964, was? A. Snowing off and on, raining off and on. Just a slushy miserable day."

The claimant's foreman testified on behalf of the employer thus:

"Q. Do you recall what the weather was like out at your house on that particular day? Well, let's pin it down a little bit; how about the evening before, the two or three hours before you went to work, Mr. Vousden, do you remember what the weather was like at that time? A. To the best of my recollection, it was a disagreeable day. The

weather wasn't so cold. I think we had some snow; not too much, I believe."

Furthermore, the sidewalk in the instant case was not "covered or blanketed" with snow and there was no ice upon this sidewalk. The only evidence of the condition of the sidewalk was claimant's testimony that at the time of the accident it was "still snowing" and as follows:

"Q. All right and when you reached the sidewalk did you observe the sidewalk to see what, if anything, was on it? A. No, there wasn't nothing on it but snow and slush.

"Q. Now what do you mean by 'there wasn't nothing on it but snow and slush'? A. You could just see where somebody walked and packed it down in so many places and just slush maybe 3 or 4 feet.

"Q. All right and were you at any point on the sidewalk able to see concrete or areas of concrete? A. Every once in a while you could see it."

In the instant case the accident occurred admittedly in claimant's "zone of employment," and upon a sidewalk maintained and controlled for the exclusive use of claimant and her fellow employees.

The record shows further that claimant was required to use this particular sidewalk at this particular time in order to arrive at the fixed situs of her work. In other words, bodily contact with this sidewalk was required by the employment.

The syllabus of *Marlow* reads:

"An employee who, on his way from the fixed situs of his duties after the close of his work day, is injured in a collision of his automobile and that of a fellow employee occurring in a parking lot located adjacent to such situs of duty and owned, maintained and controlled by his employer for the exclusive use of its employees, receives such injury 'in the course of, and arising out of' his employment, within the meaning of that phrase in the Workmen's Compensation Act, Section 4123.01 (C), Revised Code. (*Gregory* v. *Industrial Commission*, 129 Ohio St. 365; *Kasari* v. *Industrial Commission*, 125 Ohio St. 410; *Industrial Commission* v. *Henry*, 124 Ohio St. 616; *Industrial Commission* v. *Barber*, 117 Ohio St. 373; and *DeCamp* v.

*Youngstown Municipal Ry. Co.*, 110 Ohio St. 376, followed.)''

In the opinion, at page 22, it is stated:

''When Marlow was injured, he was in that zone and his injury was proximately caused by a natural hazard of the zone. It was not self-inflicted or a result of an act of nature or of an occurrence inconsistent with his employment, its activities, conditions or environments. * * *''

And, at page 23 in the opinion, it is stated:

''* * * Surely, assaults, railroads, automobiles and streetcars are hazards as peculiar to the general public as they are to any employment, unless bodily contact or the use of any of such conveyances is *required* by the employment, * * *.''

We find that the claimant in the instant case was injured in her zone of employment and her injury was proximately caused by a natural hazard of the zone, and, although the natural hazard of using this sidewalk may or may not have been made more active by the forces of nature (snow and slush), nevertheless, since bodily contact in using this particular sidewalk at this particular time was required by her employment, her injury was compensable under the workmen's compensation law.

In view of *Marlow*, which comes more than 20 years after *Walborn*, we believe the law was correctly applied in the case at bar.

The facts of this case, as admitted and as shown by the record, are conclusive as a matter of law that this claimant was injured in the course of her employment, while in her zone of employment, and that her accident arose out of her employment.

In this particular case before us, *how* the accident happened or its *proximate cause* is not material. Claimant suffered a compensable injury, *accidental* in its origin and cause, unexpectedly, and not in the usual course of events, at a particular place. See *Malone* v. *Industrial Commission* (1942), 140 Ohio St. 292, at page 297. Each assignment of error is overruled.

*Judgment affirmed.*

McLaughlin, P. J., and Van Nostran, J., concur.

RUTHERFORD, J., dissenting. As a judge of a lower court, under the principle of *stare decisis*, I feel a duty to abide by a judgment of the Supreme Court of Ohio rendered upon facts from which I am unable to distinguish the facts in the instant case.

In the case of *Walborn* v. *General Fireproofing Co.* (1947), 147 Ohio St. 507, the Supreme Court of Ohio, in paragraph three of the syllabus, held:

"A workman is not entitled to obtain compensation for a disability resulting from a fall on ice and snow on a parking lot provided by his employer when the condition there is the same as prevails generally throughout the community and has been caused by a storm during the preceding day and night."

To me, to attempt to distinguish the instant case from *Walborn* v. *General Fireproofing Co., supra,* upon a basis of the facts is to draw a distinction which is without a difference. Cases ought to be distinguished only when there is a difference which is material, otherwise the law as established by a decision of the Supreme Court of Ohio should be adhered to.

Upon basis of the holding of the Supreme Court of Ohio in *Walborn* v. *General Fireproofing Co., supra,* which I cannot distinguish from the instant case upon the facts, I would reverse the judgment of the Common Pleas Court and affirm the decision of the commission which denied the claim of Dorothy Brennan, the plaintiff, appellee herein.

It is important to note that *Walborn* v. *General Fireproofing Co., supra,* was decided at a later date than *Malone* v. *Industrial Commission* (1942), 140 Ohio St. 292; also, that while the Supreme Court discussed *Walborn* v. *General Fireproofing Co., supra,* in the opinion of *Marlow* v. *Goodyear Tire & Rubber Co.,* 10 Ohio St. 2d 18, in 1967, and could have overruled *Walborn* v. *General Fireproofing Co.,* it did not do so.

If the majority opinion in this case and *Walborn* both stand, an attorney would have a most difficult time trying to advise his client as to what his or her right to industrial compensation might be for injury resulting from an accidental fall on an employer's premises due to general weather conditions. About all he could advise would be

that if it was slush and snow there could be recovery but if it had stormed there could not be recovery, to which a smart client would reply, ''I don't understand the difference, but I think I get your point, when I testify, I will refrain from use of the word 'storm.' ''

If I were in a position which would afford me the opportunity to do so, I might favor overruling the third paragraph of the syllabus of *Walborn* v. *General Fireproofing Co.* However, I would rather be reversed because the Supreme Court overrules a former decision of that court upon which I have relied, than to be in the position of not giving effect to that decision or trying to circumvent it, without any material distinction in facts, during such time as it is the law of Ohio as pronounced by the Supreme Court.