JOHNMAN, APPELLANT, *v.* PACKARD ELECTRIC DIVISION ET AL., APPELLEES.

(No. 3647—Decided September 15, 1986.)

*Elliott, Heller & Maas Co., L.P.A.,* and *Rush E. Elliott,* for appellant.

*Edward Lavelle,* for appellee Packard Electric Division.

*Anthony J. Celebrezze, Jr.,* attorney general, *Mark E. Mastrangelo* and *Thomas Henretta,* for the Industrial Commission of Ohio et al.

FORD, J. At approximately 12:30 a.m. on March 4, 1982, plaintiff-appellant, Catherine Johnman, left her place of employment with defendant-appellee, Packard Electric Division, in Trumbull County, Ohio, and proceeded to the company parking lot. The weather conditions on the day in question were extremely snowy and icy. As appellant approached her car, her leg went out from underneath her, causing appellant to fall on an icy area. Appellant landed on her left knee, resulting in a contusion and a tibial plateau fracture of such knee. The nature and extent of appellant's injuries are not at issue here. Rather, appellee has denied that the injury is compensable under the workers' compensation law.

Appellant filed a claim with the Bureau of Workers' Compensation. Following a hearing on the claim, a district hearing officer denied appellant's claim on the ground that her injury did not arise out of the scope and course of her employment. The regional board of review affirmed the district hearing officer's decision, and the Industrial Commission of Ohio refused to hear appellant's appeal.

On May 2, 1984, appellant Johnman filed an appeal against defendants-appellees, Packard Electric Division, the Administrator of the Bureau of Workers' Compensation, and the Industrial Commission of Ohio, in the Trumbull County Court of Common Pleas, pursuant to R.C. 4123.519. Subsequently, appellant and appellees were both granted leave to file motions for summary judgment instanter. On September 30, 1985, the trial court denied appellant's motion for summary judgment and entered summary judgment for appellees. On October 11, 1985, appellant timely filed her notice of appeal presenting the following sole assignment of error:

"As a matter of law the trial court erred when it granted summary judgment for the defendants-appellees, thus, holding that the plaintiff-appellant did not sustain her injuries in the course of and arising out of her employment."

Appellant's sole assignment of error is well-taken.

In order for an injury to be compensable under Ohio's workers' compensation law, such injury must occur "in the course of, and arising out of, the injured employee's employment." R.C. 4123.01(C).

In the present action, the trial

court concluded that appellees were entitled to summary judgment as a matter of law, basing its conclusion on the Ohio Supreme Court's decision in *Walborn* v. *Gen. Fireproofing Co.* (1947), 147 Ohio St. 507, 34 O.O. 413, 72 N.E. 2d 95, where it was held that:

"A workman is not entitled to obtain compensation for a disability resulting from a fall on ice and snow on a parking lot provided by his employer when the condition there is the same as prevails generally throughout the community and has been caused by a storm during the preceding day and night." *Id.* at paragraph three of the syllabus. See, also, *Bonner* v. *Connor* (June 20, 1985), Cuyahoga App. No. 49189, unreported.

The trial court stated that since the instant case was on all fours with *Walborn, supra,* the court was duty bound to apply *Walborn* and deny compensation to appellant.

Since the rule in *Walborn, supra,* was announced, the determination of whether a compensable injury has occurred during the course of and arising out of the claimant's employment has undergone many changes.

In *Marlow* v. *Goodyear Tire & Rubber Co.* (1967), 10 Ohio St. 2d 18, 39 O.O. 2d 11, 225 N.E. 2d 241, the Ohio Supreme Court held that an employee was no longer subject to the strict application of the "going and coming" rule, which rule denied compensation benefits, once the zone of employment was reached, for injuries sustained while travelling to and from work. The court expanded the concept of "zone of employment" to include areas of ingress and egress and awarded workers' compensation benefits to an employee who was injured as the result of an automobile accident in the employee parking lot.

Recently, another exception known as the "special hazard or risk" rule was adopted by the Ohio Supreme Court,

forming the basis of an award of workers' compensation benefits to an employee injured on a public highway, while waiting to make a left turn into the company parking lot, after returning to work from his lunch break. *Littlefield* v. *Pillsbury Co.* (1983), 6 Ohio St. 3d 389, 6 OBR 439, 453 N.E. 2d 570. The court held that compensation will be allowed for injuries occurring off the work premises, before or after work, if such injuries are sustained because of the hazard created by the employment. *Littlefield, supra,* at 393, 6 OBR at 443, 453 N.E. 2d at 575. A two-prong test was adopted for purposes of determining whether or not the special hazard rule should apply, the court holding that the rule should apply:

"* * * '(1) if "but for" the employment, the employee would not have been at the location where the injury occurred and (2) if the "risk is distinctive in nature or quantitatively greater than risks common to the public." ' * * *" *Littlefield, supra,* at 394, 6 OBR at 443, 453 N.E. 2d at 575, citing *Parks* v. *Workers' Comp. Appeals Bd.* (1983), 33 Cal. 3d 585, 590, 190 Cal. Rptr. 158, 161, 660 P. 2d 382, 385.

This court is of the opinion that the trial court erred in determining that *Walborn, supra,* was dispositive of the issue presented in the instant action and in concluding that appellees were entitled to summary judgment as a matter of law.

The foregoing case law cited by this court demonstrates that the Ohio Supreme Court has engrafted many exceptions into the traditional denial of workers' compensation benefits for injuries sustained by an employee while travelling to and from work. *Marlow* and *Littlefield, supra.* In light of these exceptions, this court is of the opinion that appellant's claim for workers' compensation benefits should have been analyzed in the context of the special hazard rule, and the two-pronged test

for determining the applicability of such rule, adopted by the Ohio Supreme Court in *Littlefield, supra.*

Viewed as such, we find that there was a genuine issue of material fact, namely, whether the risk of injury to appellant, on the day in question, was quantitatively greater than the risks common to the community at large. *Littlefield, supra,* at 394, 6 OBR at 443, 453 N.E. 2d at 575.

In conclusion, we find that appellant's assignment of error is well-taken and that the trial court erred in determining, on the basis of *Walborn, supra,* that appellees were entitled to summary judgment as a matter of law. We hold that appellant's claim for workers' compensation benefits should have been analyzed in the context of the two-pronged test of the special hazard rule.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed and cause remanded.*

DAHLING, P.J., and COOK, J., concur.