GRIFFIN, APPELLEE, *v.* HYDRA-MATIC DIVISION, GENERAL MOTORS CORPORATION, APPELLANT.

[Cite as Griffin *v.* Hydra-Matic Division, General Motors Corp. (1988), 39 Ohio St. 3d 79.]

(No. 87-258—Submitted May 18, 1988—Decided October 12, 1988.)

*Gallon, Kalniz & Iorio Co., L.P.A.,* and *William R. Menacher,* for appellee Bonnie A. Griffin.

*Bugbee & Conkle* and *Gregory B. Denny,* for appellant.

SWEENEY, J. The sole issue presented for our review is whether the injury sustained by appellee is compensable pursuant to R.C. Chapter 4123. R.C. 4123.01(C) defines "injury," *inter alia,* as "* * * any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment." While appellant concedes that appellee was injured in the course of her employment, it nevertheless contends that the injury did not arise therefrom. In support of this contention, appellant cites *Littlefield* v. *Pillsbury Co.* (1983), 6 Ohio St. 3d 389, 6 OBR 439, 453 N.E. 2d 570, for the proposition that the compensability of an injury depends upon the existence of a special hazard created by the work environment. We disagree. The syllabus to *Littlefield* provides as follows:

"1. An employee will be entitled to workers' compensation benefits when the employment creates a special hazard and the injuries are sustained because of that hazard.

"2. The special hazard rule applies where: (1) 'but for' the employment, the employee would not have been at the location where the injury occurred, and (2) the risk is distinctive in nature or quantitatively greater than the risk common to the public."

It is important to recognize, however, that *Littlefield* did not concern an injury sustained upon the employment premises. Rather, the claimant was injured in an automobile accident outside the plant gates. Although the claimant was upon a public thoroughfare, this court held that the "special hazard" created by the ingress to and egress from the employment site distinguished it from hazards experienced by the public at large.

In contrast, the case at bar involves an injury sustained in the course of employment upon the employment premises. It involves a hazard which, by definition, is unique to the employment situs. Under such circumstances, the only inquiry remaining is whether appellee is within the class of persons to which R.C. Chapter 4123 is applicable. This fact is not in dispute. Appellee was an employee of appellant at the time of her injury. Thus, the "second prong" of the special hazard test as announced in *Littlefield* is inapplicable to an injury sustained in the course of employment upon the employment premises.

Appellant maintains that certain language contained in *Littlefield* makes no distinction between injuries sustained on or off the employment site. However, *Littlefield* is unambiguous in its declaration that the "special hazard" requirement is merely an exception to the "going and coming rule." Thus, it was observed in *Littlefield* at 391, 6 OBR at 441, 453 N.E. 2d at 753:

"* * * 'As a general rule where an employee, having a fixed and limited place of employment, sustains an injury while traveling to and from his place of employment, such injury does not evidence the required causal connection to the employment; it therefore does not arise out of and in the course of his employment and is not compensable.' *Bralley* v. *Daugherty* [(1980), 61 Ohio St. 2d 302 (15 O.O. 3d

359)], *supra,* at 303-304; *Lohnes* v. *Young* (1963), 175 Ohio St. 291 [25 O.O. 2d 136]; *Simerlink* v. *Young* (1961), 172 Ohio St. 427 [17 O.O. 2d 376]; *Indus. Comm.* v. *Gintert, supra; Indus. Comm.* v. *Baker* (1933), 127 Ohio St. 345.

"The 'special hazard or risk' exception is a means of avoiding the strict application of the general rule * * *."

Thus, the special hazard exception is only as broad as the rule to which it applies. To the extent that the rule concerns only injuries sustained off the employment premises, the exception is likewise limited.

As appellant submits, the *Littlefield* court did observe further that:

"A special risk may be on the employer's premises or involve the necessary means of access to the premises, even when the access is not under the employer's control or management." *Id.*

However, the foregoing language should not be interpreted to mean that the holding was to be extended to employment-site injuries. This conclusion is compelled for two reasons. First, the language following these remarks makes clear that the court was referring to injuries suffered during travel to the employment site. Second, the existence or absence of a special hazard on the employment premises is wholly irrelevant to the analysis of an on-site injury. As mentioned previously, a hazard on the employment premises is by definition unique to its situs. Conversely, it would be pure conjecture for a court to assume that an employee would have nevertheless encountered a similar hazard had she not been at work. In the course of arguing for the application of the special hazard exception to the facts of this case, appellant suggests that appellee is required to demonstrate that the driveway upon which she slipped was in a condition different than road surfaces in general during the time in question. Thus, appellant contends that there must be some proof that the driveway was unsalted, unmaintained or otherwise neglected. This argument presumes, however, that negligence on the part of her employer is a condition precedent for the compensation of a work-related injury. This court has held on numerous occasions that negligence on the part of an employer is irrelevant in determining whether such injury is compensable. See *Littlefield, supra,* at 390-391, 6 OBR at 440, 453 N.E. 2d at 572-573; *Bralley* v. *Daugherty* (1980), 61 Ohio St. 2d 302, 303, 15 O.O. 3d 359, 360, 401 N.E. 2d 448, 449-450; *Indus. Comm.* v. *Weigandt* (1921), 102 Ohio St. 1, 130 N.E. 38, paragraph two of the syllabus.

Appellant further contends that the holding in *Walborn* v. *Fireproofing Co.* (1947), 147 Ohio St. 507, 34 O.O. 413, 72 N.E. 2d 95, supports the application of the special hazard exception to employment-site injuries. Paragraph three of the syllabus to *Walborn* states as follows:

"A workman is not entitled to obtain compensation for a disability resulting from a fall on ice and snow on a parking lot provided by his employer when the condition there is the same as prevails generally throughout the community and has been caused by a storm during the preceding day and night."

*Walborn* has been the subject of intense criticism since it was announced and its holding has been severely limited by subsequent decisions. Thus, in *Marlow* v. *Goodyear Tire & Rubber Co.* (1967), 10 Ohio St. 2d 18, 24, 39 O.O. 2d 11, 15, 225 N.E. 2d 241, 246, this court remarked: "[i]n view of the later cases, it may be that *Walborn* rests upon a ground no more secure than

that which caused the claimant's unfortunate injury in that case." See, also, *Belcher* v. *May Dept. Stores Co.* (May 1, 1985), Richland App. No. CA-2279, unreported.

Accordingly, we hold that an injury sustained by an employee upon the premises of her employer is compensable pursuant to R.C. Chapter 4123 irrespective of the presence or absence of a special hazard thereon which is distinctive in nature or quantitatively greater than hazards encountered by the public at large.

To the extent that *Walborn, supra,* *Slanina* v. *Indus. Comm.* (1927), 117 Ohio St. 329, 158 N.E. 829, and paragraph five of the syllabus to *Fassig* v. *State, ex rel. Turner* (1917), 95 Ohio St. 232, 116 N.E. 104, are inconsistent with this opinion, the foregoing cases are hereby overruled.

The final contention of appellant is that, irrespective of the resolution of the legal issues addressed herein, Civ. R. 56 compels reversal and remand for trial on the merits. Appellant maintains that there remains a genuine issue of material fact regarding the condition of the driveway at the time appellee suffered her injury. Civ. R. 56(C) provides in relevant part:

"Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that *there is no genuine issue as to any material fact* and that the moving party is entitled to judgment as a matter of law." (Emphasis added.)

Inasmuch as we have previously determined that the existence or nonexistence of a special hazard is wholly immaterial to the award of compensation in the case *sub judice,* the entry of summary judgment by the trial court is supported by the record. Since negligence of the employer or contributory negligence of the employee is likewise irrelevant to the present controversy, there exists "no genuine issue of material fact" to be determined below.

Accordingly, the decision of the court of appeals is affirmed.

*Judgment affirmed.*

LOCHER, DOUGLAS and H. BROWN, JJ., concur.

MOYER, C.J., HOLMES and WRIGHT, JJ., dissent.

LOCHER, J., concurring. I agree with the analysis provided by the majority opinion. By joining today's majority I do not support the *Littlefield* holding. See *Littlefield* at 396, 6 OBR at 445, 453 N.E. 2d at 577 (Locher, J., dissenting).

The claimant in the cause *sub judice* slipped *on ice* in the parking lot *controlled by her employer.* The reason for her fall is clearly explained. Accordingly, there is no need for an "unexplained fall" analysis as was recently utilized in *Waller* v. *Mayfield* (1988), 37 Ohio St. 3d 118, 524 N.E. 2d 458.

I am also in agreement with Justice Douglas that the rule in the *Walborn* case "has proven confusing and unworkable." Therefore, I join in the analysis provided by today's opinion.

DOUGLAS, J., concurring. I concur with the analysis contained in today's majority opinion. I am especially pleased by the overruling of *Walborn* v. *General Fireproofing Co.* (1947), 147 Ohio St. 507, 34 O.O. 413, 72 N.E. 2d 95.

In addressing the compensability of an on-the-premises injury caused by a fall on ice or snow, the *Walborn* court determined that such injuries were not

compensable "* * * when the condition there is the same as prevails generally throughout the community and has been caused by a storm during the preceding day and night." *Id.* at paragraph three of the syllabus. This rule has proven confusing and unworkable. Courts have been forced to struggle with such trivialities as whether the icy conditions were caused by a "storm," *Brennan* v. *Keller* (1968), 15 Ohio App. 2d 79, 44 O.O. 2d 203, 239 N.E. 2d 97, and whether the conditions which caused the injury were generally prevailing in the area, *Sloss* v. *Case Western Reserve Univ.* (1985), 23 Ohio App. 3d 46, 23 OBR 90, 491 N.E. 2d 339. In light of this court's own doubts concerning the wisdom of the *Walborn* decision, expressed in *Marlow* v. *Goodyear Tire & Rubber Co.* (1967), 10 Ohio St. 2d 18, 24, 39 O.O. 2d 11, 15, 225 N.E. 2d 241, 246, courts have recognized that *Walborn* is no longer persuasive or controlling. See *Johnman* v. *Packard Electric Division* (1986), 33 Ohio App. 3d 250, 515 N.E. 2d 649. It is time that the ghostly remains of the *Walborn* decision be put to rest.

In addition, I would emphasize that the determination in this case that appellee is entitled to benefits has been unanimous at all stages, starting with the district hearing officer and continuing through the regional board of review, the Industrial Commission (which declined further review), the court of common pleas (which granted appellee's motion for summary judgment), and the court of appeals (which affirmed that judgment). Except for the members of the minority dissenting today, there seems to be very little disagreement that appellee is fully entitled to compensation for the injuries resulting from her fall.

WRIGHT, J., dissenting. The majority opinion constitutes the "what next!" that Justices Holmes, Locher and William Brown warned about in their dissent to *Littlefield* v. *Pillsbury Co.* (1983), 6 Ohio St. 3d 389, 6 OBR 439, 453 N.E. 2d 570. Unfortunately, the majority's decision upsets the carefully wrought balance between employers and their employees created by statute and many years of this court's jurisprudence.

The rule (up to now) has been that an employee may not claim workers' compensation benefits unless the statutory requirements are satisfied. "The test of the right to participate in the Workers' Compensation Fund is not whether there is any fault or neglect on the part of the employer or his employees, but whether a 'causal connection' existed between an employee's injury and his employment either through the activities, the conditions or the environment of the employment." *Bralley* v. *Daugherty* (1980), 61 Ohio St. 2d 302, 303, 15 O.O. 3d 359, 360, 401 N.E. 2d 448, 449-450, citing *Indus. Comm.* v. *Weigandt* (1921), 102 Ohio St. 1, 130 N.E. 38; *Indus. Comm.* v. *Gintert* (1934), 128 Ohio St. 129, 190 N.E. 400; *Fox* v. *Indus. Comm.* (1955), 162 Ohio St. 569, 55 O.O. 472, 125 N.E. 2d 1. Those cases rightly derived this conclusion from the mandate of R.C. 4123.01(C), which states that a compensable injury must occur in the "course of, and arising out of, the injured employee's employment." In short, the test turned on the relationship of the event resulting in injury to the employment of the injured party. The majority today has simply ignored this test and the factual inquiry involved in determining whether Ms. Griffin's injury did or did not arise out of her employment or was caused by same. Therein lies the real mischief caused by the majority.

The purpose of the "arising out of the employment" requirement of R.C.

4123.01(C) is to establish the causal connection between the injury and the employment. There *must* be a direct causal connection between the two. Young, Workmen's Compensation Law of Ohio (2 Ed. 1971), Section 1.14. Courts look to all the circumstances to determine if the initiating cause of the injury was a hazard of the employment, that is, whether the employee encountered a hazard or danger with greater frequency than that of the general public. 1 Larson, Workmen's Compensation (1985), Section 6.30.

Decisions of this court have repeatedly probed the boundaries of work relatedness. The fundamental question remained the same: What constitutes injuries that are compensable because they are "received in the course of, and arising out of" the injured employee's employment?

In *Marlow* v. *Goodyear Tire & Rubber Co.* (1967), 10 Ohio St. 2d 18, 39 O.O. 2d 11, 225 N.E. 2d 241, this court found coverage for the claimant and stated:

"When Marlow was injured [while in the employer's parking lot, his car was struck by a co-employee's car] he was in that zone and his injury was proximately caused by a natural hazard of the zone. *It was not self-inflicted or a result of an act of nature or of an occurrence inconsistent with his employment, its activities, conditions or environments.*" (Emphasis added.) *Id.* at 22, 39 O.O. 2d at 14, 225 N.E. 2d at 244-245.

The court in *Marlow* specifically discussed the earlier case of *Walborn* v. *General Fireproofing Co.* (1947), 147 Ohio St. 507, 34 O.O. 413, 72 N.E. 2d 95, a case which the majority today overrules. *Walborn* involved an employee who fell in a parking lot the day after a heavy snowstorm. The *Marlow* court did not overrule *Walborn* wherein the claimant was denied

coverage. Rather, the court stated that "all that was required [for the holding in *Walborn*] was a recognition that a heavy snow is no more a hazard of the zone of employment than a tornado [citation omitted], unless the act of nature operates 'upon the property and facilities of the industry, and the injury results from the fact that the hazards of employment are made active by the forces of nature.'" *Marlow, supra,* at 24, 39 O.O. 2d at 15, 225 N.E. 2d at 246. These cases contemplate a compensability distinction between injuries resulting from hazards to which both the employee and the general public are equally exposed, and those to which the employee, because of his employment, was exposed in a greater degree.

The syllabus of the majority seeks to eliminate the special hazard consideration for any injuries to an employee "upon the premises of her employer." The majority fails to explain the difference between "premises" and "zone of employment." The majority also argues that the recent decision in *Littlefield, supra,* is limited to injuries that do not occur upon the employment premises. The majority states that the "case at bar involves an injury sustained in the course of employment upon the employment premises. It involves a hazard which, by definition, is unique to the employment situs." This is a circular argument and addresses only one of the two requirements for establishing a compensable injury—that is, an injury upon the premises of the employer will be in the course of employment, but it may not be arising out of the employment. It is under the latter branch of the two-part requirement that the holding in *Walborn* fits.

*Littlefield* states that injury is compensable "when the employment creates a special hazard." *Id.* at para-

graph one of the syllabus. There is no language in the syllabus that excludes the special hazard requirement from accidents that occur on the premises of the employer. Read literally, the provisions of the syllabus in *Littlefield* do not exclude on-site and "in-zone" injuries. The employee injured within the factory can argue as validly as one injured off-site that "but for" his employment, he would not have been at the accident location. This, in my view, is atrocious legal reasoning. There is simply no language in *Littlefield* that either specifically confines its holding to off-premises injuries or specifically excludes on-site and "in-zone" injuries.

In addition, the decision in *Littlefield* states that "* * * an employee will be entitled to compensation, if the employment creates a special risk, for injuries sustained in the scope of that risk. *A special risk may be on the employer's premises* or involve the necessary means of access to the premises, even when the access is not under the employer's control or management." (Emphasis added.) *Id.* at 391, 6 OBR at 441, 453 N.E. 2d at 573. The majority seeks to limit the *Littlefield* two-prong test to injuries occurring off the premises of the employer despite the above-quoted language from that decision. I would concur that *Littlefield* should be limited, if not overruled. However, *Littlefield* is precedent and the majority holding seeks to put forth another overly broad syllabus which ignores the factual analysis that is necessary to meet the requirements of R.C. 4123.01(C).

One commentator did the analysis that the majority has failed to do when he stated:

"Generally, fact patterns in special risk cases come within one of four categories in which work-connection can be analyzed: (1) the proximity of the accident to the employer's premises, (2) the employer's control over the location of the accident, (3) the instrumentality or person physically affecting the accident, and (4) the benefit to the employer from the employee's activity at the time of the accident." Case Comment, *Littlefield* v. *Pillsbury Co.*: A Turn To The Left In Workers' Compensation (1985), 46 Ohio St. L. J. 411, 422.

The majority's blanket rule expressed in the syllabus is so broad that it almost constitutes an aberration. This court in the very recent case of *Waller* v. *Mayfield* (1988), 37 Ohio St. 3d 118, 524 N.E. 2d 458, held that if a fall on the work premises is unexplained, the claimant has the burden of eliminating idiopathic causes. If the claimant meets the burden of eliminating idiopathic causes, an inference arises that the fall is traceable to some ordinary risk. Such a result most certainly does *not* relieve the claimant of her burden of proving causal connection to employment. This court stated that the inference is reasonable that "the fall was caused by the employment environment once claimant meets his burden of eliminating idiopathic causes *and there is no evidence that any force or condition independent of the employment caused the fall.*" (Emphasis added.) *Id.* at 125, 524 N.E. 2d at 464. The result achieved today obviously flies in the face of *Waller*, which case is less than one hundred twenty-six days old. Presumably the "force or condition independent of the employment" could be the snowstorm in *Walborn, supra.* Rather than enunciating a deceptively simple blanket syllabus, this court should adhere to previous decisions which require a factual analysis in each case. A factual analysis is not to be confused with a finding of negligence or fault. Rather, it is to be directed to the two

requirements that are *always* required and *always* present in workers' compensation claims, that is, that the claimant *always* must prove that the injury is causally related to his employment and that it arises out of his employment. By seeking to needlessly differentiate *Littlefield* and ignoring the claimant's burden set forth in *Waller,* the majority has simply gone astray.

At the very least, we should follow the decisions in *Sloss* v. *Case Western Reserve Univ.* (1985), 23 Ohio App. 3d 46, 23 OBR 90, 491 N.E. 2d 339, and *Johnman* v. *Packard Electric Division* (1986), 33 Ohio App. 3d 250, 515 N.E. 2d 649, wherein the courts of appeals addressed slip and fall cases using the two-prong test of *Littlefield.* These decisions held that genuine issues of material fact existed which precluded granting summary judgment. In the present case, it is beyond doubt that the evidence before the trial court raises a genuine issue of material fact as to the driveway's condition on the date of injury and the circumstances surrounding the appellee's fall. Appellee has failed to allege any particular driveway defect, such as a slope, rut or depression, activated by ice or snow. There is a clear conflict regarding the credibility of the witnesses and statements made by the appellee. The condition of the driveway is important, not for purposes of establishing negligence which is irrelevant under workers' compensation statutes, but rather to establish whether or not the fall was explained or unexplained. All of this implicates a factual determination which precludes the granting of summary judgment. To say the least, I am deeply disappointed in the "rationale" and the result achieved today.

Accordingly, I would reverse the court of appeals and remand to the trial court for further proceedings according to law.

MOYER, C.J., and HOLMES, J., concur in the foregoing dissenting opinion.