JENSEN, P.J.
I. Introduction
{¶ 1} Appellant, ProMedica Memorial Hospital ("ProMedica"), appeals the judgment of the Sandusky County Court of *911 Common Pleas granting appellee's, Sharon Taylor, motion for summary judgment, thereby entitling her to workers' compensation benefits for a fracture to her right femur sustained as a result of a fall that occurred on April 22, 2015.
A. Facts and Procedural Background
{¶ 2} On April 22, 2015, appellee, a ProMedica employee, arrived on the ProMedica campus approximately 15 minutes before her scheduled shift and parked in a designated employee parking lot. As appellee walked from the parking lot to the HealthLink building where she worked, she stepped off a sidewalk and walked down a grassy slope. A five to six inch high curb separated the grassy area from a parking lot in front of the HealthLink building. As appellee stepped from the curb to the parking lot, she fell forward and struck her right knee on the parking lot pavement. Appellee originally reported that her fall occurred while attempting to adjust her coat after a gust of wind blew the coat up and she stepped off a curb onto the parking lot. After returning to the scene of the fall and observing a damaged curb where she stepped down onto the parking lot, she testified in her deposition that the broken curb caused her fall. ProMedica contends that a gust of wind caused appellee's fall. As a direct and proximate cause of her fall, appellee sustained a fracture of her right femur.
{¶ 3} On August 19, 2015, the District Hearing Officer of the Industrial Commission of Ohio granted appellee workers' compensation benefits. ProMedica appealed the decision. Following a hearing, the staff hearing officer affirmed the order granting benefits. Subsequently, the Industrial Commission of Ohio rejected ProMedica's appeal.
{¶ 4} On November 23, 2015, ProMedica filed its notice of appeal in the Sandusky County Court of Common Pleas. On December 16, 2015, appellee filed her complaint with the trial court, in which she alleged that her fall occurred in the course of, and arose out of, her employment with ProMedica. Motions for summary judgment were filed by both parties in November 2016. On December 23, 2016, the trial court filed its decision granting appellee's motion and denying ProMedica's motion. Subsequently, ProMedica filed a timely notice of appeal, and this case was placed on this court's accelerated docket.
B. Assignment of Error
{¶ 5} On appeal, appellant assigns the following error:
The trial court erred in this workers' compensation case by granting the motion for summary judgment of Appellee Sharon Taylor * * *, because it misapplied the test to determine causal connection.
II. Analysis
{¶ 6} The standard of review of the trial court's granting of summary judgment is de novo. Grafton v. Ohio Edison Co. , 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). This same standard applies when reviewing a summary judgment ruling by a court of common pleas from an appeal of the Industrial Commission. Conley-Slowinski v. Superior Spinning & Stamping Co. , 128 Ohio App.3d 360, 363, 714 N.E.2d 991 (6th Dist. 1998). Therefore, we review the trial court's grant of summary judgment independently and without deference to the trial court's determination. Brown v. Scioto Cty. Bd. of Commrs. , 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist. 1993).
{¶ 7} Summary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is *912 entitled to judgment as a matter of law. Harless v. Willis Day Warehousing Co. , 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978) ; Civ.R. 56(C). The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. Dresher v. Burt , 75 Ohio St.3d 280, 294, 662 N.E.2d 264 (1996). However, once the movant supports his or her motion with appropriate evidentiary materials, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E).
{¶ 8} In its sole assignment of error, ProMedica argues that the trial court erred by granting appellee's motion for summary judgment. ProMedica contends that the trial court misapplied the test for workers' compensation claims and that there remains a question of fact regarding the cause of appellee's fall, which would preclude summary judgment.
{¶ 9} In order be eligible to receive workers' compensation benefits, an injured worker must demonstrate that he or she sustained an injury, "whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of , the injured employee's employment." (Emphasis added.) R.C. 4123.01(C). Both prongs of the statute must be met. Fisher v. Mayfield , 49 Ohio St.3d 275, 277, 551 N.E.2d 1271 (1990). Whether an injury is received "in the course of" employment is dependent upon the "time, place and circumstances of the injury." Id. The "arising out of employment" element "contemplates a causal connection between the injury and the employment." Id. at 277-78, 551 N.E.2d 1271. The right to participate in the workers' compensation fund is not based on whether there was any fault or neglect on the part of the employer or its employees, but whether there is a causal connection between an employee's injury and his or her employment, either through the activities, conditions, or environment of the employment. Id. at 276-77, 551 N.E.2d 1271. Furthermore, the Ohio Supreme Court has stated:
The "arising out of" prong refers to the causal connection between the employment and the injury, and whether the (sic) there is sufficient causal connection to satisfy this prong "depends on the totality of the facts and circumstances surrounding the accident, including: (1) the proximity of the scene of the accident to the place of employment, (2) the degree of control the employer had over the scene of the accident, and (3) the benefit the employer received from the injured employee's presence at the scene of the accident." Fisher at 277, 551 N.E.2d 1271, quoting Lord v. Daugherty , 66 Ohio St.2d 441, 423 N.E.2d 96 (1981) syllabus. This list of factors is not exhaustive, however, and an employee may fail to establish one or more of these three factors and still be able to establish the requisite causal connection. Friebel v. Visiting Nurse Assn. of Mid-Ohio , 142 Ohio St.3d 425, 2014-Ohio-4531, 32 N.E.3d 413, ¶ 14, citing Fisher at 279, 551 N.E.2d 1271, fn. 2 ; Ruckman v. Cubby Drilling, Inc. , 81 Ohio St.3d 117, 122, 689 N.E.2d 917 (1998).
{¶ 10} We have also explained that an injury occurs in the course of, and arises out of, employment where "the injury follows as a natural incident of the work and as a result of exposure occasioned by the nature, conditions, and surroundings of the employment." Power v. Bay Park Community Hosp. , 6th Dist. Lucas No. L-14-1133, 2015-Ohio-1272, 2015 WL 1452982, ¶ 17, quoting *913 Remer v. Conrad , 153 Ohio App.3d 507, 2003-Ohio-4096, 794 N.E.2d 766, ¶ 12 (6th Dist.). As a general rule, the workers' compensation statute must be "liberally construed in favor of employees." R.C. 4123.95.
{¶ 11} Notably, the Ohio Supreme Court has stated:
[W]orkers' compensation cases are, to a large extent, very fact specific. As such, no one test or analysis can be said to apply to each and every factual possibility. Nor can only one factor be considered controlling. Rather, a flexible and analytically sound approach to these cases is preferable. Otherwise, the application of hard and fast rules can lead to unsound and unfair results. Fisher at 280, 551 N.E.2d 1271.
{¶ 12} In reaching its conclusions in this case, the trial court relied heavily on Griffin v. Hydra-Matic Division of General Motors Corporation , 39 Ohio St.3d 79, 529 N.E.2d 436 (1988). The Griffin court held that "an injury sustained by an employee upon the premises of her employer is compensable pursuant to R.C. Chapter 4123 irrespective of the presence or absence of a special hazard thereon * * *." Id. at 82, 529 N.E.2d 436. In Griffin , an employee fell on a driveway between the plant where she worked and its parking lot as she headed to her car after work. Id. at 79, 529 N.E.2d 436. The trial court found that appellee's injury occurred on the employer's premises and within the "zone of employment," and was not caused by idiopathic reasons.
{¶ 13} ProMedica argues that the trial court erred in its reliance on Griffin and the "zone of employment" in awarding appellee workers' compensation benefits. Further, ProMedica argues that in order for appellee's injury to arise under employment, the trial court should have evaluated the facts and circumstances of this case under the totality of the circumstances. Finally, ProMedica asserts that there is a genuine issue of material fact regarding whether the wind or curb caused appellee's fall.
{¶ 14} Appellee argues that her injury is compensable since it occurred in the course of her employment on the premises of ProMedica and arose from a "neutral risk."[1] Appellee further contends that the trial court's reliance on Griffin was appropriate.
{¶ 15} We begin by considering the meaning and application of the "zone of employment" test.
{¶ 16} "As a general rule, an employee with a fixed place of employment, who is injured while traveling to or from [her] place of employment, is not entitled to participate in the Workers' Compensation Fund because the requisite causal connection between the injury and the employment does not exist." MTD Prods., Inc. v. Robatin , 61 Ohio St.3d 66, 68, 572 N.E.2d 661 (1991), citing Bralley v. Daugherty , 61 Ohio St.2d 302, 303, 401 N.E.2d 448 (1980). This general rule has become commonly referred to as the "coming and going" rule. Collins v. W. S. Life Ins. Co. , 1st Dist. Hamilton No. C-070189, 2008-Ohio-2054, 2008 WL 1913388, ¶ 6. However, there are exceptions to the coming and going rule.
The general rule does not operate as a complete bar to an employee who is injured commuting to and from work if: (1) the injury occurs within the "zone of employment," * * * (2) the employment creates a "special hazard," * * * or (3) there is a causal connection between the employee's injury and employment *914 based on the "totality of the circumstances" surrounding the accident. (Citations omitted.) Weiss v. Univ. Hosp. of Cleveland , 137 Ohio App.3d 425, 430-31, 738 N.E.2d 884 (8th Dist. 2000).
{¶ 17} The Ohio Supreme Court has defined the zone of employment as "the place of employment and the area thereabout, including the means of ingress thereto and egress therefrom, under the control of the employer." Marlow v. Goodyear Tire & Rubber Co. , 10 Ohio St.2d 18, 22, 225 N.E.2d 241 (1967), quoting Merz v. Industrial Commission , 134 Ohio St. 36, 39, 15 N.E.2d 632 (1938).
The Merz case and the cases it relied upon indicate that the zone of employment is synonymous with the premises of the employer, not just the exact point where "active duties" begin, as well as certain areas "just outside the enclosure" of the premises. The fundamental purpose of the exception is to allow participation for injuries with a direct causal connection to employment. Collins , 1st Dist. Hamilton No. C-070189, 2008-Ohio-2054, 2008 WL 1913388, at ¶ 9.
{¶ 18} First, we consider whether the coming and going rule and any of its exceptions apply to the present case. Griffin stands for the proposition that injuries that occur on an employer's premises are compensable regardless of the presence or absence of a special hazard. Griffin , 39 Ohio St.3d at 82, 529 N.E.2d 436. As in the present case, Griffin involved an injury sustained on the employment premises, traveling between the building and parking lot. Having found the employee in Griffin was injured on the premises, the coming and going rule was not considered. In addition, the Tenth District found the coming and going rule, expressed in MTD Prods. , inapplicable to an employee's injury sustained on the employment premises. Phelps v. Dispatch Printing Co. , 10th Dist. Franklin No. 09AP-1118, 2010-Ohio-2423, 2010 WL 2171631, ¶ 13.
{¶ 19} Here, the parties agree that appellee's injury occurred on the premises and in the course of employment. Appellee arrived at her workplace approximately 15 minutes before her scheduled shift and sustained her injury while traveling from a designated employee parking lot to the building where she worked. Notably, appellee was not engaged in any activity or errand other than traversing to work on a regular route. Although there is testimony that appellee walked along a "shortcut" route to the building as opposed to a route with sidewalks, the route taken was one commonly used by appellee and others as a more direct route to reach the HealthLink building. Appellee was required to travel from the employee parking lot to the HealthLink building prior to the start of her shift. Hence, under the facts and circumstances of this case, we find the coming and going rule inapplicable to appellee's injury sustained on ProMedica's premises. Therefore, any exceptions to this general rule are irrelevant.
{¶ 20} Since the parties have stipulated appellee was in the course of her employment when her injury occurred, the central issue of this case is whether appellee's injury arose out of employment. Therefore, we consider whether there is a sufficient causal connection between appellee's injury and her employment. ProMedica contends that the trial court should have considered the totality of the circumstances analysis in determining whether there is sufficient causal connection between appellee's injury and employment to determine the arising under prong of the statute. We agree.
{¶ 21} "The proper way to analyze workers' compensation claims, * * *, is to apply the 'in the course of' and 'arising *915 out of' tests described in Fisher and its progeny, including the totality-of-the-circumstances tests for causation described in Lord and Ruckman ." Friebel , 142 Ohio St.3d 425, 2014-Ohio-4531, 32 N.E.3d 413, at ¶ 28. Therefore, our analysis of whether appellee is entitled to workers' compensation benefits further requires us to consider the totality of the circumstances factors set out in Lord , supra, to determine if her injury arose out of employment. As noted above, the factors include: "(1) the proximity of the scene of the accident to the place of employment, (2) the degree of control the employer had over the scene of the accident, and (3) the benefit the employer received from the injured employee's presence at the scene of the accident." Fisher , 49 Ohio St.3d at 277, 551 N.E.2d 1271, quoting Lord , 66 Ohio St.2d 441, 423 N.E.2d 96 at syllabus.
{¶ 22} Having established that appellee's injury occurred on the employment premises, appellee satisfies the first factor. The second factor considers the degree of control ProMedica had over the scene of the accident. In Phelps , the court held that the first two factors of the totality of the circumstances analysis were satisfied because the employee was injured on the employer's premises. Phelps , 10th Dist. Franklin No. 09AP-1118, 2010-Ohio-2423, 2010 WL 2171631, at ¶ 10. Although appellee's injury also occurred on the employer's premises, we will further evaluate the second factor of the totality of the circumstances test.
{¶ 23} While there is some dispute as to the exact cause of appellee's fall, it is undisputed that the injury occurred on ProMedica's premises while stepping down from a curb onto a parking lot. ProMedica does not argue that the cause of the fall is due to idiopathic reasons. In fact, the record supports that the fall was accidental. However, the record shows that appellee put forth different causes of the fall. First, appellee asserted that the wind caused her fall. Upon further reflection, appellee testified that her fall was caused by a damaged curb. She explained to the staff hearing officer that the quick progression of the events led to this discrepancy. ProMedica, therefore, contends that there is a genuine issue of material fact regarding the cause of the fall. If the wind caused appellee's fall, ProMedica argues appellee's injury is non-compensable because it had no control of the wind. Appellee contends she is entitled to workers' compensation benefits regardless of whether the wind or curb caused her fall.
{¶ 24} While ProMedica argues that it cannot control the wind, ProMedica does control the employment premises where the injury was sustained. The record in this case shows that the sidewalk from the parking area to the entrance of the HealthLink building contained safety paint and cones alerting pedestrians to potential sidewalk hazards. Appellee chose to leave the sidewalk and take the "shortcut" down the grassy slope that led to the scene of the accident. The record further demonstrates that it is fairly common for appellee and other people to take this alternate route to the HealthLink building. While employees were periodically reminded at staff meetings to stay on the sidewalk, it is reasonable that people would avoid a sidewalk hazard or take a shortcut both of which were under ProMedica's control. ProMedica had the ability to fix any sidewalk hazards and ensure a common shortcut route could safely be traversed without stepping onto a curb. Thus, irrespective of the cause of the fall, ProMedica had control of the routes to the HealthLink building and scene of the accident.
{¶ 25} Lastly, under the third factor we consider the benefit to ProMedica from appellee's presence at the scene of *916 the accident. It has been held that "an employee arriving to begin his day's work is not yet performing any service for the benefit of his employer." MTD Prods ., 61 Ohio St.3d at 70, 572 N.E.2d 661. However,
[a]n employee need not be engaged in the actual performance of work for his employer at the time of the injury to be entitled to workers' compensation benefits. It is sufficient that the employee is "engaged in a pursuit or undertaking consistent with his contract of hire and which in some logical manner pertains to or is incidental to his employment." Phelps , 10th Dist. Franklin No. 09AP-1118, 2010-Ohio-2423, 2010 WL 2171631, ¶ 8, quoting Sebek v. Cleveland Graphite Bronze Co. , 148 Ohio St. 693, 698, 76 N.E.2d 892 (1947).
{¶ 26} Here, appellant parked in the designated employee parking lot and traversed a regular route from the parking lot to the building where she worked. Appellee was not deviating from the normal course of her employment activities nor engaged in personal business. She was engaged in an activity consistent with and necessary to begin her day's work. If it were not for the fact that appellee was reporting for work, she would not have been present on the ProMedica campus. Hence, we conclude ProMedica received at least some benefit from appellee's timely presence on the employment premises to begin her scheduled shift.
{¶ 27} Thus, we find appellee meets all three totality of the circumstances factors. Even if we were to conclude that all of the factors were not met, however, establishing that one or more factors are not met does not preclude a finding that the employee's injury arose out of employment. Friebel , 142 Ohio St.3d 425, 2014-Ohio-4531, 32 N.E.3d 413, at ¶ 14. Therefore, whether the injury was caused by the wind, as posited by ProMedica, or the damaged curb, the facts support a sufficient causal connection between the injury and appellee's employment under the totality of the circumstances.
{¶ 28} Accordingly, we find that appellee meets both the "in the course of" and "arising out of" prongs of R.C. 4123.01(C). In arriving at our decision, we are mindful that Ohio workers' compensation claims should be "liberally construed in favor of employees." R.C. 4123.95. We stress that this case should not be interpreted broadly, as cases involving workers' compensation claims are inherently fact-specific. Indeed, our review of the case law cited by the parties in this action presents a breadth of jurisprudence that is not always harmonious, especially as to the interpretation and application of the coming and going rule.
{¶ 29} Having concluded that appellee's injury was sustained in the course of, and arising out of, her employment, we conclude that she is entitled to receive workers' compensation benefits. Consequently, we find that the trial court properly granted appellee's motion for summary judgment and denied ProMedica's motion for summary judgment. Therefore, ProMedica's sole assignment of error is not well-taken.
Conclusion
{¶ 30} Based on the foregoing, the judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.
Judgment affirmed.
Mark L. Pietrykowski, J.
Arlene Singer, J.
CONCUR.

Neutral risks are defined as "risks of neither distinctly employment nor distinctly personal character." 1-4 Larson's Workers' Compensation Law , Section 4.03 (2017).