Allen, J.
 

 The facts in this case are not in dispute. The claimant, Clyde Bankes, upon Decemebr 24, 1929, at about three o’clock in the afternoon, was helping to unload freight from a box car of the Scioto Valley Traction Company to the platform of the Columbus Railway, Power & Light Company, by which company the claimant was employed. This loading occurred during the time of duty of the claimant, and was part of his regular employment. At that time, quoting the words of the claimant, the following occurrence took place:
 

 “There were small boxes to be taken down to the storeroom and those boxes were unloaded first. After the boxes were unloaded there were some six inch pipe to be unloaded. This was to be transferred from the Scioto Valley to the platform of the Columbus Power and Light Company — after we had unloaded the small boxes they got the flat car up to where we could unload the pipe — we had a few spare minutes until they brought the flat car up — while we were waiting for the flat car to be brought up Fred set down on a two-wheeled truck — I was standing.
 

 “Q. Where was the two-wheeled truck? A. In the Scioto Valley — it was rather cool that day — I grabbed Fred Dew’s hat off and threw it down the Scioto Val
 
 *519
 
 ley and it lit on the floor. When I threw his hat down he jumped up and rushed for his hat and at the same time grabbed at mine. I threw my head back — as I threw my head back he struck me in the eye with his finger. ’ ’
 

 Dew’s finger nail scraped the outer covering of Bankes’ eyeball, and an infection set in. As stated by the claimant, the two men were ‘‘having a little fun. It was play more than anything else. ’ ’ The Industrial Commission admitted the injury to the eye, but claims that the injury is noncompensable, upon the ground that it did not arise in the course of and as a result of the employment.
 

 We do not consider the question as to whether such horseplay had been forbidden between the employees of the Columbus Railway, Power & Light Company, for an issue of fact is raised upon that point. While the plaintiff in error contends that such practice is forbidden, and there is some evidence in the record in support of its contention, the claimant denied that he had been forbidden to engage in such scuffles or good-humored fun, and, in view of the finding of the jury, we treat the case as though there had been no rule against such practice.
 

 The legal question of consequence presented in this case therefore is whether an act of playful sport committed by an employee within the time of his employment, which results in an injury to the employee engaging in such playful act, has such a causal connection with the employment that the employee is entitled to compensation under the Workmen’s Compensation Act (Section 1465-37
 
 et seq.,
 
 General Code.)
 

 In the case of
 
 Industrial Commission
 
 v.
 
 Weigandt,
 
 102 Ohio St., 1, 130 N. E., 38, it was held:
 

 “1. While an employe in compliance with his duty was in the factory where he was employed going to his machine, he was struck in the eye and injured by a file which flew from its handle during a friendly scuffle for
 
 *520
 
 it by two other employes.
 
 'Held:
 
 The injury was one occasioned in the course of the workman’s employment within the Workmen’s Compensation Law.
 

 “2. The test of right to award from the insurance fund under the Workmen’s Compensation Law, for injury in the course of employment, is not whether there was any fault or neglect on the part of the employer, or his employes, but whether the employment had some causal connection with the injury, either through its activities, its conditions or its environments.’'’ Evidently relying upon this case, the court charged the jury before argument as follows:
 

 “The court charges you, members of the jury, that if you find the plaintiff, Clyde Bankes, was injured in the course of his employment while under any contract of hire, oral or written, expressed or implied, with the defendant, The Columbus Bailway, Power and Light Company, then your verdict must be for the plaintiff.” The second charge given by the court before argument is as follows:
 

 “The court charges you, members of the jury, if Clyde Bankes sustained an injury by a fellow employee as a result of playful joking while he was at a place and at a time required by his employment and not purposely self-inflicted, then he was injured in the course of his employment and your verdict must be for the plaintiff.”
 

 In his general charge, the court charged as follows :
 

 “Playful, sportive acts of employees are naturally and reasonably to be expected from the association of men in common work and are a part of the environment ; and where the employment, through its environment, has a causal connection with the injury to an employee, suffered by him in the course of his employment he is entitled to compensation under the Workmen’s Compensation Law.
 

 “Where he is actually worldng for his master and sustains injury because of scuffling with a fellow em
 
 *521
 
 ployee, his right to compensation under the Workmen’s Compensation Law is not defeated by the fact that he participated in scuffling which contributed to his injury.”
 

 As held in the
 
 Weigandt case, supra,
 
 playful and sportive acts of employees other than- the one injured are naturally and reasonably to be expected from the association of men in common work, and do constitute part of the hazard of the environment. A different situation is presented where a claimant himself instigates and participates in such sport. Then the employee himself, and not the environment, creates the hazard.
 

 It is argued on behalf of the claimant, and evidently the trial court considered, that since the injury arose during the time that Bankes was on duty, it arose out of the employment. But it is not sufficient that the injury arose during the time of the employment. In order for the injury to be compensable, the employment must have some causal connection with the injury. .
 

 Thus in the case of
 
 Beamer
 
 v.
 
 Stanley Co. of America,
 
 295 Pa., 545, 145 A., 675, it was held that, where-an employee, during the time of his employment, suffered an accidental death'from his own act, namely, the discharge of a revolver which he was showing to fellow employees, this was an act which bore no relation to his employment, that the hazard did not arise out of his employment, and compensation was denied.
 

 The same theory is sustained in this state in the ease of
 
 Industrial Commission
 
 v.
 
 Ahern,
 
 119 Ohio St., 41, 162 N. E., 272, 59 A. L. R., 367, where this court held that an employee who was injured when engaged, not in the service of the employer, but in pursuance of the employee’s private personal business, disconnected from the employment, was not entitled to compensation. As shown by the facts in that case, the
 
 *522
 
 accident was incurred during the time of the .employee’s service.
 

 We are unable to see any causal connection between the accident' herein presented, brought upon the employee by his own act, and the business of the employer in which he was there employed.
 

 This holding is sustained by many authorities, such as those set forth in the exhaustive notes and discussions in the treatise on Workmen’s Compensation in Corpus Juris, advance sheets, page 79; 13 A. L. R., 540; 20 A. L. R., 882; 36 A. L. R., 1469; 43 A. L. R., 492; and 46 A. L. R., 1150. The general rule is that no compensation is recoverable under the Workmen’s Compensation Act for injuries sustained through horseplay or fooling which was done independently .of, and disconnected from, the performance of any duty of the employment, since such injuries do not arise out of the employment within the meaning of the acts.
 

 Exceptions to the general rule arise where the employee who is injured through horseplay or fooling by other employees took no part in the fooling, but was attending to his duties (13 A. L. R., 543), or where he is injured by horseplay commonly carried on by the employees with the knowledge and consent or acquiescence of the employer (13 A. L. R., 544).
 

 Industrial Commission
 
 v.
 
 Weigandt, supra,
 
 arises under the first exception, namely, where the employee injured took no part in the fooling, but was attending to his duties. Other cases which fall within this category are
 
 Knopp
 
 v.
 
 American Car & Foundry Co.,
 
 186 Ill. App., 605, 5 N. C. C. A., 798;
 
 Pekin Cooperage Co.
 
 v.
 
 Industrial Board of Illinois, 211
 
 Ill., 53, 115 N. E., 128;
 
 Markell
 
 v.
 
 Daniel Green Felt Shoe Co.,
 
 221 N. Y., 493, 116 N. E., 1060;
 
 Willis
 
 v.
 
 State Industrial Commission,
 
 78 Okl., 216, 190 P., 92;
 
 Newport Hydro Carbon Co.
 
 v.
 
 Industrial Commission,
 
 167 Wis., 630, 167 N. W., 749;
 
 Cassell
 
 v.
 
 United States Fidelity &
 
 
 *523
 

 Guaranty Co.,
 
 115 Tex., 371, 283 S. W., 127, 46 A. L. R., 1137;
 
 Leonbruno
 
 v.
 
 Champlain Silk Mills,
 
 229 N. Y., 470, 128 N. E., 711, 13 A. L. R., 522;
 
 Twin Peaks Canning Co.
 
 v.
 
 Industrial Commission of Utah,
 
 57 Utah, 589,
 
 196
 
 P., 853, 20 A. L. R., 872;
 
 contra, Lee’s Case,
 
 240 Mass., 473, 134 N. E., 268, 20 A. L. R., 870.
 

 The facts presented by this record, however, are quite different. No acquiescence by the employer in the horseplay appears in- this record, and, since the employee himself instigated and engaged in the sport which caused the injury, the general rule applies.
 

 It was reversible error, therefore, for the trial court to refuse to direct a verdict for the defendant, the Industrial Commission. The giving of the second charge before argument, above quoted, constituted prejudicial error, for the charge failed to state the limitation that the claimant could not recover for an injury caused by such sport if he himself instigated or participated in the horseplay. That part of‘the general charge with reference to participation in such sport, above quoted, for the same reason also constituted reversible error. On the facts set forth, no cause of action existed in favor of the claimant.
 

 The judgment of the Court of Appeals is hereby reversed, and judgment is rendered for the plaintiff in error.
 

 Judgment reversed and judgment for plaintiff in error.
 

 Weygandt, C. J., Stephenson, Jones, Matthias, Bevis and Zimmerman, JJ., concur.