**Harvey v. Mayfield, Administrator**
*[Cite as 6 AOA 133]*

*Case No. CA-2743*
*Richland County, (5th)*
*Decided August 20, 1990*

*Jeffrey M. Decile, 165 North High Street, Columbus, Ohio 43215, for Plaintiff-Appellant.*

*Deborah Sesek, P.O. Box 1500, Akron, Ohio 44309, for Defendants-Appellees.*

*Anthony J. Celebrezze, Attorney General of Ohio, for Defendants-Appellees.*

*Jeffery W. Clark, Assistant Attorney General, 65 East State Street, Suite 708, Columbus, Ohio 43266-0590, for Defendants-Appellees.*

MILLIGAN, J.

At his place of employment, Uniwear, Inc., plaintiff's decedent was involved in an altercation with a fellow employee, resulting in his death.

His minor daughter, Jennifer Harvey, filed for death benefits claiming partial dependency upon the decedent for support, R.C. 4123.59(D), and that her father's death was the result of an injury received in the course of and arising out of his employment.

At each stage of the administrative proceedings, the functionaries of the Industrial Commission found plaintiff to be partially dependent, but found that the death was not a result of an injury received in the course of and arising out of his employment. At each stage, the employer appealed the former ruling and the survivor appealed the latter. Both parties appealed the administrative ruling to the Richland County Common Pleas Court, where, in turn, each filed motions for summary judgment.

The trial court, by summary judgment, essentially affirmed the several conclusions of the administrative agency. The court found Jennifer Harvey to be partially dependent by unrefuted evidence and found the injury and death to be independent of and disconnected with his employment, concluding that the injury resulting in death was not compensable under the Workers' Compensation Law and finding that plaintiff was not entitled to participate in the state insurance fund.

The plaintiff-daughter appeals, assigning two errors:

"I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT WHEN IT GRANTED THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND HELD THAT WILLIAM THOMPSON'S DEATH WAS NOT COVERED BY OHIO'S WORKERS' COMPENSATION FUND.

"II. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT WHEN IT DENIED THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT."

The altercation, culminating in the death of appellant's father, had its genesis in a concern by a fellow employee, Danny McClain, that someone had caused oil to be placed on the front tire and shocks of his motorcycle parked in the company parking lot. When McClain asked Thompson about the oil on his motorcycle, it is undisputed that Thompson shoved McClain backwards, causing him to fall to the ground. He continued to come toward McClain, whereupon McClain grabbed a grease or caulking gun off the floor and struck Thompson. The blow eventually caused Thompson's death. One witness testified that he heard McClain tell Thompson to stay away from his motorcycle, but heard no threat.

I

*Horseplay/workplace assault.* The issue of workplace horseplay and assault, vis-a-vis workers' compensation eligibility, has been a subject of judicial scrutiny since the inception of the provision of benefits when the injury is suffered in the course of and arising out of employment. Early on it was determined that the injury must be sustained in the performance of some duty required by the employer. *Industrial Commission v. Ahern* (1928), 119 Ohio St. 41. There must be a causal connection between the employee's work duties and the injury. *Industrial Commission v. Pora* (1919), 100 Ohio St. 218 (where the assault occurred incident to a disagreement concerning a work tool); *Pickett v. Industrial Commission* (1954), 98 Ohio App. 372 (where the assault occurred incident to a dispute over a parking .space in lot used by employees). See also *Delassandro v. Industrial Commission* (1924), 110 Ohio St. 509.

The issue of causal nexus between injury and employment was further distilled by the Ohio Supreme Court in 1934. In *Industrial Commission v. Bankes* (1934), 127 Ohio St. 517, the claimant and a fellow employee were unloading freight. The claimant grabbed a co-worker's hat, throwing it on the floor. The co-worker attempted to grab the claimant's hat and injured him by a finger in the eye. The court held that notwithstanding the injury occurred while job duties

*135*

were being performed on the employer's premises, the injury had no causal connection with employment duties and thus did not arise out of employment. The Supreme Court reversed a jury verdict of entitlement to participate, ruling that the trial court should have directed a verdict for the commission, holding:

"2. The test of the right to award from the insurance fund, under the Workmen's Compensation Act, for injuries sustained in the course of employment, is not whether there was any fault or neglect on the part of the employer or his employees, but whether the employment had some causal connection with the injury, either through its activities, its conditions, or its environments.

"3. An injury resulting from sportive play by fellow employees, instigated and engaged in by the injured employee while on duty, is not caused by or connected with the workman's employment within the purview of the Workmen's Compensation Act. (*Industrial Commission v. Weigandt*, 102 Ohio St., 1, distinguished.)" *Industrial Commission of Ohio v. Bankes, supra*, syllabus 2, 3.

Here, construing the testimonial assertions upon summary Judgment most favorably to the appellant, reasonable minds could not conclude other than that the injury resulted from non-duty behavior instigated and engaged in by the injured employee.[1]

The trial court's conclusion is also buttressed by *Davis v. Industrial Commission* (1957), 76 Ohio Law Ab. 474, where the court held the employee-decedent abandoned his work duties when he "became engaged in" a fight with a fellow employee.

*Impact of conviction of fellow employee of involuntary manslaughter.* Appellant argues that the conviction of the fellow employee for involuntary manslaughter is inconsistent with a conclusion that the decedent, by his conduct, removed himself from the workplace protection of the Workers' Compensation Act.

The undisputed evidence that decedent, by a quick shove, propelled McClain to the ground, following which McClain assaulted decedent, belies the claim that somehow the decedent is protected by the collateral event of the conviction of Mcclain. That conviction does not create a genuine issue of material fact, contradicting the undisputed evidence as to the sequence of events.

For the foregoing reasons, the first assignment of error is overruled.

II

The trial court did not err in concluding that the aggressive act of decedent transposed that event and the subsequent assault beyond the course of employment within the meaning of *Bankes, supra,* and progeny.

The second assignment of error is overruled.

The summary judgment of the Richland County Common Pleas Court is affirmed.

PUTMAN, P.J., and SMART, J., concur.

———

[1] We need not address disparity between the syllabus and the textual comment that the trial court erred in failing to charge that "the claimant could not recover for an injury caused by such sport if he himself instigated or participated in the horseplay." *Bankes,* p. 43.