JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} Plaintiff-appellant Teddy Rosado ("Rosado") appeals the trial court's granting of summary judgment in favor of defendants-appellees Cuyahoga Metropolitan Housing Authority, et al. ("CMHA"). Finding merit to the appeal, we reverse.
 {¶ 2} In 2004, Rosado was employed by CMHA as a service person in CMHA's Outhwaite housing development. As part of his duties, Rosado worked at various sites, performing janitorial and light maintenance duties. In September 2004, while on his way to the main office to clock out for lunch, Rosado approached coworker Steven Hopkins ("Hopkins"), who was driving a CMHA-owned Bobcat tow motor. Rosado tripped, and his left foot went under the Bobcat's wheel. As a result of the accident, Rosado's left foot was crushed, and he was unable to work for ten months.
 {¶ 3} Rosado filed an application for workers' compensation benefits. The Ohio Bureau of Workers' Compensation ("BWC") granted his claim, but CMHA appealed to the Industrial Commission of Ohio, which vacated the BWC's previous order. Rosado appealed the decision to the Commission, but it denied his appeal.
 {¶ 4} Rosado then appealed to the common pleas court. CMHA moved for summary judgment, which the trial court granted. Rosado now appeals that decision, raising one assignment of error, in which he argues that the trial court erred in granting summary judgment for CMHA. *Page 3 
 {¶ 5} This court reviews the lower court's granting of summary judgment de novo. Druso v. Bank One of Columbus (1997),124 Ohio App.3d 125, 131, 705 N.E.2d 717; Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704, 711, 622 N.E.2d 1153.
 {¶ 6} The Ohio Supreme Court has established that summary judgment under Civ.R. 56 is proper when:
 "(1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made."
State ex rel. Parsons v. Fleming, 68 Ohio St.3d 509, 511, 1994-Ohio-172,628 N.E.2d 1377; Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327, 364 N.E.2d 267. The party seeking summary judgment bears the burden of showing that no genuine issue of material fact exists for trial.Celotex Corp. v. Catrett (1987), 477 U.S. 317, 330, 91 L.Ed.2d 265,106 S.Ct. 2548; Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115,526 N.E.2d 798. Any doubts must be resolved in favor of the nonmoving party.Murphy v. Reynoldsburg, 65 Ohio St.3d 356, 358-359, 1992-Ohio-95,604 N.E.2d 138. There is no issue for trial, however, unless there is sufficient *Page 4 
evidence favoring the nonmoving party for a jury to return a verdict for that party. Anderson v. Liberty Lobby, Inc. (1986), 477 U.S. 242,249-250, 91 L.Ed.2d 202, 106 S.Ct. 2505.
 {¶ 7} In its motion for summary judgment, CMHA argued that it was entitled to judgment as a matter of law because Rosado's injury was not sustained in the course of and arising out of his employment with CMHA, but instead resulted from horseplay or other nonwork-related activity. Rosado countered that he was engaged in a work-related activity and was not involved in horseplay at the time of the accident.
 {¶ 8} To be eligible for workers' compensation, a worker must show that an injury occurred both "in the course of employment and that it "arises out of that employment. Ruckman v. Cubby Drilling, Inc.,81 Ohio St.3d 117, 121, 1998-Ohio-455, 689 N.E.2d 917, citing Fisher v.Mayfield (1990), 49 Ohio St.3d 275, 277, 551 N.E.2d 1271.
 "In the Course of" Employment {¶ 9} The mere fact that an injury occurred during employment is not sufficient to establish entitlement to benefits. See Eggers v. Indus.Comm. (1952), 157 Ohio St. 70, 104 N.E.2d 681. The burden is on the claimant to establish that the injury occurred in the course of his employment. French v. ATT Technologies, Inc. (1991),69 Ohio App.3d 342, 347, 590 N.E.2d 821. *Page 5 
 {¶ 10} Generally, an employee is considered in the course of his employment while performing an obligation of his contract of employment.Fletcher v. Northwest Mechanical Contr, Inc. (1991), 75 Ohio App.3d 466,599 N.E.2d 822, citing Indus. Comm. v. Davison (1928), 118 Ohio St. 180,160 N.E. 693. An employee is in the scope of his employment when performing, "* * * some required duty done directly or indirectly in the service of the employer * * *." Indus. Comm. v. Ahern (1928),119 Ohio St. 41, 162 N.E. 272, paragraphs two and three of the syllabus. The employee need not be injured in the actual performance of his duties because he is in the course of his employment when he does things that "are usually and reasonably incidental to the work of the employer."Lemming v. Univ. of Cincinnati (1987), 41 Ohio App.3d 194,534 N.E.2d 1226, quoting Taylor v. Indus. Comm. (1920), 13 Ohio App. 262, 270. Therefore, when an employee is injured while, e.g., taking refreshments during a break, he may be entitled to benefits. Carrick v. RiserFoods (1996), 115 Ohio App.3d 573, 576, 685 N.E.2d 1261, Pilar v. OhioBur. of Workers' Comp. (1992), 82 Ohio App.3d 819, 613 N.E.2d 684.
 {¶ 11} Courts are required to consider the time, place, and circumstances of the injury to determine whether the required nexus exists between the employment relationship and the injurious activity.Ruckman v. Cubby Drilling, 81 Ohio St.3d 117, 1998-Ohio-455,689 N.E.2d 917. *Page 6 
 {¶ 12} Injuries resulting from horseplay are not considered to have occurred in the course of and arising out of employment.Carrick, supra, citing Kohn v. Trimble (Nov. 17, 1995), Trumbull App. No. 95-T-5210. An injury arising from horseplay that is instigated by the injured employee while on duty, is not compensable under the Worker's Compensation Act because the injury is not considered to be connected with the worker's employment. Indus. Comm. v. Bankes (1934),127 Ohio St. 517, 189 N.E. 437. Therefore, whether an employee was negligent or at fault for causing the accident is irrelevant to the determination as to whether he is entitled to participate in the Fund.Waller v. Mayfield (1988), 37 Ohio St.3d 118, 524 N.E.2d 458.
 {¶ 13} The evidence in the instant case shows that CMHA employees were allowed a half-hour unpaid lunch break. Prior to that break, employees were given fifteen minutes to travel from their work site to wash up and clock out. Rosado was required to walk to the main office to clock out for his lunch break. No other person was permitted to clock out for him.
 {¶ 14} At the time of his injury, Rosado was walking to the main office to clock out for lunch. There is no dispute that he was still "on the clock" when the injury occurred. Therefore, we find that his initial actions were "usually and reasonably incidental to the work of the employer." See Lemming, supra. *Page 7 
 {¶ 15} Thus, to determine whether Rosado was in the course of his employment, we must decide if, as a matter of law, he was engaged in horseplay at the time of the accident.
 {¶ 16} Our review of the evidentiary materials in this case reveals a factual dispute as to whether Rosado was acting within the scope of his employment when he was injured. CMHA alleges that Rosado was injured when he tried to jump into the shovel of the Bobcat. CMHA bases its allegation on Hopkins' observations, the work incident report, and alleged witness statements. Hopkins testified at deposition that he saw Rosado running alongside the Bobcat shortly before the incident. Hopkins observed Rosado smiling and holding onto the rail of the Bobcat. Within seconds, Rosado's foot caught under the Bobcat's wheel and he fell. Hopkins testified that "the way [Rosado] was holding onto the Bobcat, it gave me the impression that he was trying to jump on it," and he "believed" that Rosado was trying to jump into the shovel on the front of the vehicle. Hopkins conceded, however, that he did not actually see Rosado attempt to jump, only that he believed that was what he was trying to do. Rosado, on the other hand, testified that he was stepping off the curb to get Hopkins' attention when he lost his footing, the vehicle caught his pant leg, and his foot was caught under the Bobcat. He only reached to grab the Bobcat's rail to steady himself. *Page 8 
 {¶ 17} Although Rosado's supervisor noted in the incident report that Rosado was injured while trying to jump onto the Bobcat, the supervisor did not actually witness the accident nor did he interview Rosado before preparing his report. Although several witnesses reportedly saw Rosado attempting to jump on the Bobcat, their statements are not part of the record. Therefore, we cannot consider the supervisor's hearsay testimony as to those statements.
 {¶ 18} We find that conflicting evidence exists as to whether Rosado was engaged in horseplay. Furthermore, although CMHA points to Rosado's allegedly changing his story as to why he approached the Bobcat, the issue of Rosado's credibility is a matter for the jury.
 {¶ 19} CMHA relies on Carrick v. Riser Foods (1996),115 Ohio App.3d 573, 685 N.E.2d 1261, in which we found that an employee who was injured while rocking a vending machine was involved in horseplay. InCarrick, the employee was on a break and conceded that he was engaged in rocking the vending machine. In the instant case, Rosado was still on duty, and his reasons for approaching the vehicle are disputed.
 {¶ 20} Although we find that a genuine issue of material fact remains as to whether Rosado was involved in horseplay, his claim may still not be compensable if we find, as a matter of law, that his injury did not arise out of his employment.
 "Arising Out of" Employment *Page 9 {¶ 21} CMHA argues that Rosado's claim is not compensable because the accident did not arise out of his employment.
 {¶ 22} In Lord v. Daugherty (1981), 66 Ohio St.2d 441, 423 N.E.2d 96, the Ohio Supreme Court set forth the following test to determine whether there is a causal connection between the injury and the employment: "`(1) the proximity of the scene of the accident to the place of employment, (2) the degree of control the employer had over the scene of the accident, and (3) the benefit the employer received from the injured employee's presence at the scene of the accident.'" The list is not exhaustive, and courts are to consider the totality of the circumstances. Fisher, supra; see also MTD Products, Inc. v.Robatin (1991), 61 Ohio St.3d 66, 572 N.E.2d 661. Reviewing courts are to examine the separate and distinct facts of each case because workers' compensation cases tend to be fact specific. Fisher, supra at 280; see also Faber v. R.J. Frazier Co. (1990), 72 Ohio App.3d 9, 15,593 N.E.2d 410. No one factor is controlling. Id.
 {¶ 23} Workers' compensation statutes must be liberally construed in favor of the employee; thus, the phrase "arising out of employment must be accorded a liberal construction. Id.; see also, R.C. 4123.95. Courts are to be guided by the fundamental principle that the requirements are to be liberally construed in favor of awarding benefits. Id. *Page 10 
 {¶ 24} The first factor examines the proximity of the scene of the accident to the place of employment. The second factor involves the degree of control the employer had over the scene of the accident. Rosado concedes that he was on a public street when the accident occurred, but argues he was in close proximity to the main office and the street was within CMHA's housing campus. CMHA argues that it exercised no control over the street and cites our decision inBeharry v. Cleveland Clinic Found. (Nov. 22, 1995), Cuyahoga App. No. 68050, to support its argument.
 {¶ 25} Courts have "recognized that ownership and control are not paramount to injuries sustained on the employment premises."Faber, supra; see also Frishkorn v. Flowers (1971), 26 Ohio App.2d 165,167, 270 N.E.2d 366, 368; Sloss v. Case Western Reserve Univ. (1985),23 Ohio App.3d 46, 491 N.E.2d 339.
 {¶ 26} We find that the facts in Beharry, supra, are clearly distinguishable. In Beharry, the employee was on an unpaid lunch break, walking to a medical appointment when injured. Moreover, we found lack of control existed not only because the accident occurred on a public street, but because the accident involved the employee and a non-employee. Also, in MTD, supra, the Court found that the employer did not have control over the scene of the accident because it neither controlled the public street where the accident occurred nor the person who caused the accident. *Page 11 
 {¶ 27} In the instant case, we note that the site of the accident, although on a public street, was located within CMHA's housing campus. Moreover, Rosado's accident involved another employee who was driving a CMHA-owned vehicle. Rosado and Hopkins were on their way to the main office to clock out for lunch, as mandated by CMHA policy. Therefore, we conclude that, based on the specific facts of this case, the control prong is met to a sufficient degree to warrant potential compensation.
 {¶ 28} The third factor to consider is the benefit to CMHA by Rosado's presence at the scene of the accident. CMHA argues that Rosado's actions offered no benefit to his employer because he was on a personal errand at the time of the accident. CMHA claims that Rosado was approaching Hopkins to borrow lunch money, and it further argues he subsequently made inconsistent statements regarding his reason for approaching Hopkins. CMHA urges this court to use Rosado's inconsistent statements against him and find that his injuries could not be compensable because he was on a private errand, e.g., to borrow lunch money.
 {¶ 29} Even if we were to assume that Rosado approached Hopkins solely to borrow lunch money, his actions do not amount to a personal errand. The evidence revealed that Rosado and Hopkins were on their way to the main office to clock out for their lunch break when the incident occurred. Rosado's decision to step off the curb and to speak to Hopkins does not rise to the level of a personal errand. *Page 12 
 {¶ 30} We also find it clear that CMHA benefitted from requiring its employees to return to the main office to clock out for lunch because punching a time clock facilitates tracking the hours actually worked by each employee. See Rock v. Parma Bd. of Educ. (Nov. 1, 2001), Cuyahoga App. No. 79268. Therefore, we find that CMHA benefitted from Rosado's presence at the scene of the accident.
 {¶ 31} Based on the totality of the circumstances and the specific facts of this case, we find that Rosado's injuries arose out of the scope of his employment. Additionally, because we find a genuine issue of material fact exists regarding whether Rosado was engaged in horseplay at the time of the incident, we reverse the court's granting of summary judgment and remand this case for trial.
 {¶ 32} Therefore, the assignment of error is sustained.
 {¶ 33} Accordingly, judgment is reversed and the case is remanded for proceedings consistent with this opinion.
It is, therefore, ordered that appellant recover of appellee the costs herein.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 13 
 PATRICIA ANN BLACKMON, J. and MARY J. BOYLE, J. CONCUR *Page 1